UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Civil Action No. ___6:21-cv-01236___

PHILLIP-JAXSON S. RICHARDS,

    Plaintiff,

v.

AFFILIATE ASSET SOLUTIONS, LLC,

    Defendant,

_____/

**NOW COMES** PHILLIP-JAXSON S. RICHARDS, through his undersigned counsel, complaining of AFFILIATE ASSET SOLUTIONS, LLC, as follows:

## NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §559.55 *et. seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. PHILLIP-JAXSON S. RICHARDS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Melbourne, Florida.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. AFFILIATE ASSET SOLUTIONS, LLC ("Defendant") is a corporation specializing in the practice of debt collection in various states.

8. Defendant maintains its principal place of business at 145 Technology Pkwy NW #100, Peachtree Corners, Georgia 30092.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another.

10. Defendant is a "debt collector" as defined by Fla. Stat. §559.55(7) because it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

11. In or around December 2017, Plaintiff received medical services from Rockledge Emergency Group, LLC.

12. Due to financial difficulties, Plaintiff allegedly missed payments on the medical service and his account fell into default status (alleged "subject debt").

13. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

14. The subject debt was eventually placed with Defendant for collection.

15. On or around March 9, 2021, Defendant mailed Plaintiff a letter in an attempt to collect the subject debt ("Defendant's Letter").

16. Upon information and belief, Defendant's Letter was prepared and issued by a third-party vendor that Defendant hired for the sole purpose of preparing and issuing collection letters.

17. Specifically, Defendant's Letter referenced numerous bar codes and QR codes that suggest a third-party vendor uses that for sorting purposes.

18. Additionally, Defendant's Letter was sent from the PO BOX 1870, Ashland, Virginia, 23005-4870, which suggests a third-party vendor drafted and sent the letter.

19. Upon information and belief, the numerous bar codes and/or QR codes belong to the third-party vendor that prepared and mailed Defendant's Letters.

20. Furthermore, the numerous bar codes and/ or QR codes along with PO Box referenced above were visible through the envelope window in which it was delivered.

21. By hiring a third-party vendor to issue Defendant's Letters, Defendant unlawfully disclosed to the third party that Plaintiff allegedly owed the subject debt.

22. Specifically, Defendant disclosed information regarding Plaintiff and the subject debt, including the fact that Plaintiff allegedly owed the subject debt.

23. Upon information and belief, the third-party vendor then completed and populated information provided by Defendant into template letters that were then delivered to Plaintiff (Defendant's Letter).

24. The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to *any person* through any medium." (emphasis added).

25. Accordingly, the information sent from Defendant to the unknown third-party vendor was a "communication" as defined by the FDCPA.

26. Defendant's communication to the unknown third-party vendor was in connection with the collection of a debt since the information was sent in an effort to facilitate collection of the subject debt.

27. Plaintiff did not authorize Defendant to communicate with the third-party vendor regarding the subject debt.

28. In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. § 1692c(b):

> "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

29. The third-party vendor used by Defendant to facilitate the collection of the subject debt does not fall within any of the exceptions prescribed by 15 U.S.C. § 1692c(b).

## DAMAGES

30. Defendant's unlawful dissemination of highly personal information regarding Plaintiff's financial affairs invaded Plaintiff's privacy and violated the rights afforded to the Plaintiff by the FDCPA.

31. Upon information and belief, Defendant utilizes third-party vendors to prepare and issue collection letters in an effort to reduce overhead costs and increase profits.

32. Defendant's conscious decision to use third-party vendors demonstrates that it prioritizes its economic interests over the privacy rights afforded to consumers by the FDCPA.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

33. Plaintiff adopts and incorporates Paragraphs 1-32 as though fully stated herein.

34. Defendant violated 15 U.S.C. § 1692c(b) by unlawfully disclosing that Plaintiff owed the subject debt to its third-party vendor.

35. As set forth above, Plaintiff's privacy rights were violated by Defendant's unlawful disclosure of information pertaining to the subject debt to a prohibited third party.

36. Pursuant to § 1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt."

37. Section § 1692f(8) of the FDCPA specifically prohibits a debt collector from: Using any language or symbol, other than the debt collector's address, on an envelope when communication with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

38. Defendant violated § 1692f by employing unfair and unconscionable means to attempt to collect on a debt by using symbols and information the bar code on the subject envelope sent to Plaintiff.

39. The use of the above-referenced symbols violate 1692f(8) of the FDCPA as a matter of law because that section prohibits a debt collector from using any language other than the debt collector's address, on any envelope when communicating with a consumer.

**WHEREFORE**, Plaintiff, PHILLIP-JAXSON S. RICHARDS, requests the following relief:

    a. a finding that Defendant violated 15 U.S.C. §§ 1692c(b) and f(8);

    b.    an award of any actual damages sustained by Plaintiff as a result of Defendant's violations;

    c.    an award of such additional statutory damages to Plaintiff, as the Court may allow, but not exceeding $1,000;

    d.    an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

    e.    an award of such other relief as this Court deems just and proper.

## COUNT II:
## Florida Consumer Collection Practices Act (Fla. Stat. § 559.55 *et seq.*)

40. Plaintiff adopts and incorporates Paragraphs 1-32 of this Complaint as though fully stated herein.

### a. Violation(s) of Fla. Stat. § 559.72(5)

41. Subsection 559.72(5) of the FCCPA provides:

In collecting consumer debts, no person shall:

> (5) Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does now have a legitimate business need for the information or that the information is false.
> Fla. Stat. § 559.72(5).

42. Defendant violated Fla. Stat. § 559.72(5) by unlawfully disclosing that Plaintiff owed the subject debt - information affecting Plaintiff's reputation - to its third-party vendor.

43. As set forth above, Plaintiff's privacy rights were violated by Defendant's unlawful disclosure of information pertaining to the subject debt to a prohibited third party.

44. Plaintiff may enforce the provisions of Fla. Stat. § 559.72(5) pursuant to Fla. Stat. § 559.77(2) which provides:

> Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

**WHEREFORE**, Plaintiff, PHILLIP-JAXSON S. RICHARDS, requests the following relief:

a. a finding that Defendant violated Fla. Stat. §§ 559.72(5);

b. an award of actual damages sustained by Plaintiff as a result of Defendant's violation(s);

c. an award of additional statutory damages, as the Court may allow, but not exceeding $1,000.00;

d. an award of court costs and reasonable attorney's fees incurred by Plaintiff; and

e. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

45. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury

Date: July 30, 2021                                  Respectfully submitted,

**PHILLIP-JAXSON S. RICHARDS**

By: */s/ Alexander J. Taylor*

                Alexander J. Taylor, *Of Counsel*
                Florida Bar No. 1013947
                Sulaiman Law Group, Ltd.
                2500 S. Highland Avenue, Suite 200
                Lombard, Illinois
                Telephone: 331-307-7646
                ataylor@sulaimanlaw.com